07-4832-ag
Zhou v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of July, two thousand ten.

PRESENT:

> DENNIS JACOBS,
>     *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
>     *Circuit Judges.*

———————————————————————————

XIU YING ZHOU v. HOLDER,[1]                    07-4832-ag
A077 297 699

———————————————————————————

YUE E. LIN v. HOLDER,                          07-5470-ag
A098 480 429

———————————————————————————

YAN LIN AND YONG ZHI ZHU
v. HOLDER,                                     08-0039-ag
A098 485 352
A098 485 353

———————————————————————————

———————————

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

———————————————————————————————————

XIAO YUN LIU v. HOLDER,                         08-0249-ag
A099 074 453

———————————————————————————————————

JIAN FEI LIN, LONG ZHANG
v. HOLDER,                                       08-0408-ag
A099 074 464
A099 074 465

———————————————————————————————————

SU ZHEN ZHENG v. HOLDER,                         08-0517-ag
A073 382 417

———————————————————————————————————

JUAN XIA CHEN v. HOLDER,                         08-1732-ag
A094 813 611

———————————————————————————————————

RUIYU WANG v. HOLDER,                            08-1893-ag
A096 263 970

———————————————————————————————————

YI MEI ZHENG, DA ZHONG
ZHENG v. HOLDER,                                 08-1981-ag
A099 559 727
A099 559 728

———————————————————————————————————

YING CHEN v. HOLDER,                             08-2448-ag
A095 459 835

———————————————————————————————————

YEN YUN CHEN v. HOLDER,                          08-2499-ag
A072 971 187

———————————————————————————————————

SAI QIN WENG v. HOLDER,                          08-2784-ag
A098 365 237

———————————————————————————————————

03292010-3-26

———————————————————————————————

**ZHONG YUE DAI v. HOLDER,**                                      08-3122-ag
**A070 703 020**

———————————————————————————————

**XI YUE ZOU v. HOLDER,**                 08-3139-ag
**A098 580 278**

———————————————————————————————

**QIU YUN SHI, MIAN YANG**
**v. HOLDER,**               08-3496-ag
**A099 079 002**
**A099 079 003**

———————————————————————————————

**XIAO BIN CHEN, JIN XIU**
**LIU v. HOLDER,**            08-4001-ag
**A072 484 724**
**A076 217 327**

———————————————————————————————

**LING QIN HUANG v. HOLDER,**       08-4623-ag
**A078 527 659**

———————————————————————————————

**RUIE LIN v. HOLDER,**             08-6179-ag
**A094 824 980**

———————————————————————————————

**YAN CHEN v. HOLDER,**              09-0226-ag
**A078 852 678**

———————————————————————————————

**BIN CHEN AKA MEIQIN**
**CHEN v. HOLDER,**            09-0843-ag
**A076 627 827**

———————————————————————————————

**QIAO QING JIN v. HOLDER,**        09-1148-ag
**A099 423 335**

———————————————————————————————

**YU FANG LIN v. HOLDER,**            09-1311-ag

A073 626 193

_____

_____

**TIAN XIANG ZHENG**
**v. HOLDER,**                                                    **09-1982-ag**
**A094 046 347**

_____

**JING BING LIN v. HOLDER,**                                      **09-2180-ag**
**A072 938 074**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

UPON DUE CONSIDERATION of these petitions for review of several Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitioners, all Chinese citizens, challenges a decision of the BIA denying their applications for relief based on the birth of one or more children in the United States. For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decision denying each application.[2] *See id.* at 168-72. Contrary to the arguments

---

[2]To the extent some of the petitioners asserted that they were entitled to relief based on their alleged illegal departure from China, we find no error in the agency's denial of those claims. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005). Additionally, we find that the agency did not err in denying Yan Chen's motion for a continuance in docket number 09-0226-ag, because the BIA decision that she cited did not represent a change in **law. See Morgan v. Gonzales**, 445 F.3d 549, 551-52 (2d Cir. 2006). We decline to review petitioner's unexhausted argument, in Xiao Yun Liu v. Holder, Docket No. 08-0249-ag, that we should remand the proceedings to the BIA because the IJ's decision was omitted from the record before the BIA. See Lin Zhong v. *U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007).

of several of the petitioners, the BIA does not conduct impermissible *de novo* review in determining that evidence fails to demonstrate an objectively reasonable fear of forced sterilization. *See id.* at 162-63; 8 C.F.R. § 1003.2(d)(3).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk